FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    SEP 30 2014    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
AMERICA LEON, individually and on behalf
of all others similarly situated,

          Plaintiff,

     -against-

THE PORT WASHINGTON UNION FREE
SCHOOL DISTRICT,

          Defendant.
--------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-4514

(Wexler, J.)

APPEARANCES:

STEVEN J. MOSER, P.C.
By: Steven John Moser, Esq.
Three School Street, Suite 207B
Gen Cove, NY 11542
Attorneys for Plaintiff

BOND, SCHOENECK & KING, PLLC
By:   Howard M. Miller, Esq.
1399 Franklin Avenue, Suite 200
Garden City, NY 11530
Attorney for Defendant

WEXLER, District Judge:

       Plaintiff America Leon ("Leon" or "Plaintiff") brings this action against Defendant Port

Washington Union Free School District ("District" or "Defendant") for failure to pay overtime

wages under Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*[1]  Plaintiff also asserts

a breach of contract claim, seeking monetary and declaratory relief on behalf of all custodial and

maintenance members of the Civil Service Employee's Association, Local 1000 ("Union") to

---

[1]Plaintiff's complaint includes collective action allegations on the FLSA claim, which
have not been certified.

enforce two collective bargaining agreements between the District and the Union.[2]  Defendant

moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure

("Fed.R.Civ.P."), Rule 12(b)(6).  For the reasons discussed below, Defendant's motion to dismiss

is denied without prejudice to renew as a motion for summary judgment following discovery or

at the time of trial.

## BACKGROUND

The following facts are alleged in Plaintiff's second amended complaint and accepted as

true for the purpose of this motion to dismiss.  Plaintiff was employed by the District as a cleaner

from August 16, 2001 until July 1, 2013.  Second Amended Complaint ("SAC"), ¶ 40.

Throughout her employment, it was the custom and practice of the District that Plaintiff and

others reported their shift hours, rather than actual hours worked.  Plaintiff's regular shift hours

constituted 40 hours per week.  Plaintiff usually worked approximately 15 minutes to ½ hour

prior to her scheduled shift, which "pre-shift" work amounted to approximately 1 ½ to 2 hours

per week.  That extra uncompensated "pre-shift" work constituted overtime that was

uncompensated.  SAC, ¶¶ 41-48.  In addition, for the six years prior to filing the complaint,

Plaintiff "almost never" took a bona fide meal period, during the school year, and instead would

eat lunch in 5-10 minutes between working.  SAC, ¶ 49.  Nevertheless, the District deducted a ½

hour meal period from Plaintiff's pay, which should have been compensated as overtime.  SAC,

¶ 50-51.  The precise amount of uncompensated work time during meal periods is unknown, but

it is estimated that Plaintiff had a bona fide meal period 1 out of every 20 days while school was

in session.  SAC, ¶¶ 52-53.

---

[2]Plaintiff's complaint includes Rule 23 class allegations on the breach of contract claim.

Regarding the breach of contract claim, Plaintiff alleges that she and others are members of the Union, which entered into collective bargaining agreements ("CBAs") with the District from July 1, 2006 through June 30, 2010 (Exhibit ("Ex.") A to the SAC) and again from July 1, 2009 through June 30, 2012, attached to the SAC as Ex. B. The CBAs provide that covered employees were entitled to a ½ hour meal time and overtime compensation for hours worked over 40 per week. Plaintiff alleges that the grievance section specifically provides that such procedures do not apply to matters involving rates of compensation. SAC, ¶¶ 55-60. The District breached its obligations under the CBAs by failing to record and to adequately compensate Plaintiff and other covered employees for all hours worked. SAC, ¶¶ 61-68.

Defendant moves to dismiss, arguing that Plaintiff fails to state a claim under the FLSA, that Plaintiff has no standing to bring a breach of contract claim, that the breach of contract claim is untimely, and should be dismissed for failure to file a notice of claim. The Court denies Defendant's motion, without prejudice to renew as a motion for summary judgment after discovery or at the time of trial.

<u>DISCUSSION</u>

I.    <u>Legal Principles</u>

    1.    <u>Standards on Motion to Dismiss</u>

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of Plaintiff. <u>Bold Electric, Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless

-3-

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do... Factual allegations must be enough to raise a right to relief above the speculative level." Twombley, at 555. A pleading need not contain "'detailed factual allegations,'" but must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, at 678, quoting Twombley, at 555 (other citations omitted). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, at 679. Reciting bare legal conclusions is insufficient, and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 679. A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, at 678-679.

II. Defendant's Motion

    1. Plaintiff's FLSA Claim

The gravamen of Defendant's motion is that Plaintiff fails to adequately allege worked but unpaid overtime. In support of its motion, Defendant submits Plaintiff's 103 overtime slips,

which they argue should be considered as public record.[3]  In opposition to the motion, Plaintiff

submits her Rule 26 disclosures, including a chart outlining alleged hours worked and

compensation due by week.[4]

In support of its motion, Defendants rely on three cases from the Second Circuit to argue

that Plaintiff's allegations do not sufficiently state a claim for a FLSA violation.  In each of those

case, the Second Circuit affirmed the decision of the District court to dismiss the complaint

because of "threadbare" allegations.

In Lundy v. Catholic Health System of Long Island, 711 F.3d 106 (2d Cir. 2013), the

Second Circuit "conclude[d] that in order to state a plausible FLSA overtime claim, a plaintiff

must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated

time in excess of the 40 hours."  Id., 711 F.3d at 114.  It affirmed the district court dismissal of

the fourth amended complaint, but noted that "[d]etermining whether a plausible claim has been

pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense,'" further noting "[u]nder a case-specific approach, some courts may find that

an approximation of overtime hours worked may help draw a plaintiff's claim closer to

---

[3]Defendant claims the overtime slips are a "public record" because they were obtainable
through a Freedom of Information Law request.  The Court disagrees that payroll documents of a
private citizen, even if she works for a public school district, is the type of "public record"
envisioned by the rule.  See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts
Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (court may consider public records, such as
complaints filed in state court, in deciding a motion to dismiss).

[4]In addition to the 103 overtime slip submitted by Defendant, Plaintiff, through a
declaration of her attorney, alleges facts and submits copies of correspondence sent to a District
Human Resources administrator about the overtime Plaintiff allegedly worked and for which she
was not compensated.  The correspondence is also submitted in support of Plaintiff's breach of
contract claim.  As discussed infra, the Court has not considered these submissions in the context
of this motion to dismiss since they are matters outside the pleadings.

plausibility." Id., 711 F.3d at 114 & n. 7.  Noting that none of the plaintiffs had alleged working 40 hours in a given week, the Court affirmed the district court's dismissal of the FLSA overtime claims.

Soon thereafter, in Nakahata v. New York–Presbyterian Healthcare System, Inc., 723 F.3d 192 (2d Cir.2013), the Second Circuit again affirmed the dismissal of FLSA overtime claims.  There, the Court stated that "[t]o plead a plausible FLSA overtime claim, [p]laintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  The complaint there alleged that plaintiffs "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours."  Id., 723 F.3d at 99.  Again, the Court stated "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief.  To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week. Id., at 201.[5]

Finally, in Dejesus v. HF Management Services, LLC, 726 F.3d 85 (2d Cir. 2013), cert. denied, 134 S.Ct. 918 (2014), the Second Circuit spoke again on this issue.  In so doing, the court recognized the "tension" between the challenge for a plaintiff to allege particulars of hours worked without access to their employer's records, the use by some lawyers of "standardized,

_____

[5]Again, the Second Circuit noted that this was a "context-specific task" for the district court, and that some courts "may find that an approximation of overtime hours worked may help draw a plaintiff's claim closer to plausibility."  Id., at 201, n.10 (quoting Lundy, 711 F.3d at 114 & n.7).

bare-bones" complaints without evidence of FLSA violations, and the pleadings standards of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Id., 726 F.3d at 86.

In Dejesus, the plaintiff alleged "that she worked more than forty hours per week during 'some or all weeks' of her employment and, in violation of the FLSA, through April 2011 was not paid at a rate of at least 1.5 times her regular wage for each hour in excess of forty hours." Id. The district court dismissed, finding that she "fail[ed] to set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due." Id., 726 F.3d at 87 (citations omitted). The Second Circuit affirmed the dismissal, noting plaintiff merely alleged that she worked forty hours in "some or all weeks," without being paid "1.5" times her pay rate – "no more than rephrasing the FLSA's formulation specifically set forth" in the statute. Id., 726 F.3d at 89. The Court stated "[w]hatever the precise level of specificity that was required of the complaint, Dejesus at least was required to do more than repeat the language of the statute." Id. Recognizing the difficulty of pleading a claim without the benefit of the employer's records, the Court acknowledged that "we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations." Id., 726 F.3d at 90.

Since those cases, various district courts have denied motions to dismiss where the plaintiff sufficiently alleges that they regularly worked forty hours per week, and are uncompensated for specified overtime worked performed beyond that. See e.g., Perry v. City of

New York, 2013 WL 6641893, *3 (S.D.N.Y. 2013) (claim survives where plaintiff assigned to work forty hours per week thirty-five weeks per year, and worked uncompensated time "on a daily basis"); Litras v. PVM Int'l Corp., 2013 WL 4118482, *7 (E.D.N.Y. 2013) (claim sufficiently alleged where plaintiff has attached a chart to the complaint containing specific dates and an estimate of number of hours worked on each specific date, thus doing more than "simply repeat[ing] the language of the FLSA"); Mendez v. U.S. Nonwovens Corp., 2014 WL 860328, *14 (E.D.N.Y. 2014) (after reviewing the Second Circuit's reasoning in Lundy, Nakahata and Dejesus, motion to dismiss denied where the plaintiffs allege that they were regularly scheduled by the defendants to work more than forty hours per week, including hours worked and the number of days worked per week); Di Simone v. CN Plumbing, Inc., 2014 WL 1281728, *4 (E.D.N.Y. 2014) (motion to dismiss denied where plaintiff alleged that he typically worked over 40 hours per week and was not appropriately compensated for the overtime hours).

Other courts have dismissed FLSA claims where the allegations are still insufficient. Johnson v. Equinox Holdings, Inc., 2014 WL 3058438, *4 (S.D.N.Y. 2014) (claim dismissed where plaintiff's allegation that between 2006 and 2011 he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"); Perkins v. 199 SEIU United Healthcare Workers East, 2014 WL 4651951, *9 (S.D.N.Y. 2014) (dismissal granted where accepting as true plaintiff's allegations that he was required to work during his lunch breaks, he worked exactly 40 hours per week, not overtime hours); Ramos v. City of New York Fire Dept., 2014 WL 2111687, *5 (S.D.N.Y. 2014) (claim dismissed where plaintiff fails to allege he or she engaged in such activities that he or she worked more than 40 hours during a week).

The Court here finds that Plaintiff's second amended complaint sufficiently states a claim for an overtime violation under the FLSA.[6]  Plaintiff alleges that she regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week - - namely 1 ½ to 2 hours per week.  She further estimated that she took her bona fide meal period 1 in 20 days during the school year, and consistently during the summer months when school was not in session.  Like the other courts in this Circuit outlined above denying motions to dismiss, the Court finds that these allegations sufficiently state that Plaintiff regularly worked forty hours a week and sufficiently describe the pattern of her overtime, but uncompensated work.[7]  Thus, her claim is distinguishable from the "threadbare" allegations dismissed by the Second Circuit in Lundy, Nakahata and Dejesus, and other district courts in the Circuit following Dejesus.

The Court also notes that this is a motion to dismiss, and as such, the review is limited to the pleading itself, and does not consider matters outside the pleadings.  See Fed.R.Civ.Pr, Rule 12(b)(6); Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 202 (2d Cir. 2013) (citing Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154–55 (2d Cir.2006)).  Alternatively, if the court is to consider submissions from outside the pleadings, the motion must be treated as one for summary judgment, and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed.R.Civ.P., Rule 12(d).  The Court finds it is not appropriate to convert this to a motion for summary

---

[6]Since it was not attached to the complaint but produced as part of Rule 26 disclosures, the Court has not considered the chart submitted by Plaintiff in opposition to this motion.  Nor has the Court considered the arguments raised in Defendant's Reply Affidavit of Howard M. Miller that the chart is inaccurate.

[7]Defendant's arguments that Plaintiff's overtime slips were improperly completed is a factual issue to be addressed during discovery or on a motion for summary judgment.

-9-

judgment at this time, and declines to do so, preserving the parties' right to move for summary judgment following discovery. Thus, the Court declines to review the parties' submissions of matters outside the pleadings. See Nakahata, 723 F.3d at 203 (it was "inappropriate" for the court to dismiss a claim when premised on matters outside of the pleadings).

    2. Plaintiff's Breach of Contract Claim

    Defendant also moves to dismiss Plaintiff's breach of contract claim. First, it argues that Plaintiff has no standing because the CBAs include a grievance procedure, requiring an employee to proceed through the Union rather than sue for breach of contract. Plaintiff counters that the grievance procedure in the CBA does not apply to "matters involving the employee's rate of compensation," see CBA, VIII(C)(1)(a), such as Plaintiff's claim. Defendant also argues that the New York Civil Practice Laws and Rules ("CPLR"), 217(2) states that a breach of contract claim based on a union agreement must be commenced within four months of when the employee know or should have known the breach occurred, and that Plaintiff's claim is untimely. Plaintiff argues that section does not apply to Plaintiff's claim here. Finally, Defendant claims Plaintiff's failure to file a notice of claim is fatal to Plaintiff's breach of contract claim. In response, Plaintiff claims notice was provided, as represented by correspondence attached in opposition to the motion.

    As noted above, the Court will not consider these submissions in context of this motion to dismiss, and instead accepts Plaintiff's allegations as true. The Court finds that the complaint adequately alleges a breach of contact claim, and that the factual support of the claim or an available defense are more appropriately pursued through discovery. Thus, the Court denies Defendant's motion to dismiss the breach of contract claim at this time, without prejudice to

renew in the context of a motion for summary judgment following discovery.

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby denies Defendant's motion to dismiss

Plaintiff's complaint in its entirety, without prejudice to renew as a motion for summary

judgment after discovery or at the time of trial.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      September 3 0 2014